UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT RICHARD POUDRIER and DEBBIE RAYE POUDRIER,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CALIFORNIA RECONVEYANCE COMPANY; et al.,<br><br>　　　　Defendants. | 3:11-cv-0107-LRH-RAM<br><br><br>ORDER |

Before the court is plaintiffs Robert Richard Poudrier and Debbie Raye Poudrier's ("the Poudriers") motion to remand filed on February 27, 2011. Doc. #6.[1] Defendants California Reconveyance Company ("CRC"); Chase Home Finance LLC ("Chase"); and Washington Mutual Savings Bank ("WaMu") (collectively "defendants") filed an opposition (Doc. #10) to which the Poudriers replied (Doc. #11).

**I.   Facts and Procedural History**

In 2005, the Poudriers purchased real property through a mortgage note and deed of trust. Eventually, the Rohlmans defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

---

[1] Refers to the court's docket entry number.

On January 10, 2011, the Poudriers filed a complaint for quiet title against defendants in state court. Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. Thereafter, the Poudriers filed the present motion to remand. Doc. #6.

**II.     Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.    Discussion**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

Here, defendants argue that there is complete diversity between the parties because the Poudriers are residents of Nevada while defendants are citizens of various other states. Further, defendants contend that the amount in controversy requirement has been met because the value of

the property at issue is more than $75,000. In their reply brief, the Poudriers concede that the value of the property is in excess of $75,000 and that all defendants that have been named in the complaint are all non-citizens of Nevada. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

Although there is complete diversity between the parties, the Poudriers argue that the court should abstain from exercising jurisdiction over this action under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *See* Doc. #6. However, in order for the court to abstain from exercising jurisdiction under *Colorado River*, there must be a parallel or substantially similar proceeding in state court. *Security Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997) ("[I]nherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain."). Here, there is no other parallel state action. The only state action was the Poudriers' initial complaint filed in state court which has been properly removed by the defendants to federal court on the basis of diversity jurisdiction. Therefore, the court cannot abstain from exercising jurisdiction in this matter. Accordingly, the court shall deny the Poudriers' motion to remand.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #6) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE